[Civil No. 632.  Filed March 15, 1899.]
[57 Pac. 65.]

GEORGE E. TRUMAN, Plaintiff and Appellant, v. COUNTY OF PINAL, Defendant and Appellee.

1. OFFICE AND OFFICERS—JAILER—POWER OF BOARD OF SUPERVISORS TO. FIX SALARY—LAWS ARIZ. 1893, ACT NO. 87, CONSTRUED—REDUCTION OF SALARY—IMPLIED ACCEPTANCE—CANNOT QUESTION REASONABLENESS IN ABSENCE OF ALLEGATIONS ATTACKING GOOD FAITH.— Under the statute, *supra,* providing that the board of supervisors shall fix the compensation of the jailer, at not exceeding one hundred dollars per month, the board has the power to reduce the salary of the jailer during his term of office, and where such jailer continues to perform the duties of the office he impliedly accepts such reduction, and, in absence of any allegation impugning the good

faith of the board, is precluded from maintaining an action. upon a *quantum meruit* against the county.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Pinal. Fletcher M. Doan, Judge. Affirmed.

The facts are stated in the opinion.

J. S. Sniffen, and Joseph H. Kibbey, for Appellant.

Whenever a consideration or compensation is mentioned, the law presumes it to be a reasonable one; and if no compensation is mentioned whatever, the person furnishing goods, materials, or services is entitled to a reasonable compensation. *City of Ellsworth* v. *Rossiter*, 46 Kan. 237, 26 Pac. 674. "A corporation, like an individual, is held to a careful adherence to truth in its dealings with other parties, and cannot, by its representations or silence, involve others in. onerous engagements, and then defeat the claims which its own conduct has superinduced." *Bissell* v. *Jeffersonville*, 24 How. 287.

The application of this principle to the case at bar is made apparent when we consider that at the time the plaintiff was employed as jailer, no compensation for his services was fixed by the board of supervisors, but he was paid his demands for four consecutive months thereafter. The statute not prescribing in what manner, at what time, or for what time, the board of supervisors should fix his compensation, the plaintiff had a right to believe his salary was so fixed at seventy-five dollars per month. After the position had been secured and no complaints or charges made against the plaintiff, it was an act of bad faith on the part of the board of supervisors to attempt to reduce his compensation to an unreasonable amount, and by so doing seek indirectly to oust him from his position, a power they do not possess under the law.

The identical question involving paragraph 2457 was determined by the supreme court of California in· *Fulherth* v. *Stanislaus*, 67 Cal. 334, 7 Pac. 754, and the right of the plaintiff to maintain this character of suit was maintained.

The statute of Nevada declared (sec. 2139) that the sheriff be allowed to employ a jailer, and made it the duty of the county commissioners to allow a "fair and adequate compensation" for his services. Under that statute it was held

that the commissioners had no authority to fix the compensation on a per-diem basis and confine it to such times as prisoners were in jail; that if the commissioners rejected the claim for the jailer, it was for the district court to determine from the evidence what was a "fair and adequate monthly compensation." *Randall* v. *Lyon County,* 20 Nev. 35, 14 Pac. 583.

H. D. Cassidy, for Appellee.

Act No. 87 of the legislative assembly of 1893, entitled "An act to regulate the fees and salaries of certain county officials," provides: "That for the safe-keeping of prisoners confined in jail or under guard the sheriff shall be allowed to employ a jailer, whose compensation shall be fixed by the board of supervisors at not exceeding one hundred dollars per month. . . ."

It is well established that no liability can arise against a county, except upon an order of the board of supervisors as such, nor can such board impose upon the county any debt or liability, except in the manner provided by statute. *Hendricks* v. *Chautauqua County,* 35 Kan. 483, 11 Pac. 452; *Pruden* v. *Grant County,* 12 Or. 308, 7 Pac. 308; *Luden* v. *Case,* 46 Cal. 172; *Carrol* v. *Siebenthaler,* 37 Cal. 193; *County of San Joaquin* v. *Jones,* 18 Cal. 327.

A county, like a municipal corporation, is not liable in damages for the manner in which in good faith it exercises discretionary power of a public or legislative character. *Amperse* v. *City of Kalamazoo,* 75 Mich. 228, 13 Am. St. Rep. 432, 42 N. W. 821.

The statute, then, is the measure of the power of the board of supervisors, and to the extent of that power only can they bind the county.

The measure of the compensation of an officer is the law in force at the time the services were rendered. *Territory* v. *Clayton,* 5 Utah, 598, 18 Pac. 628.

The salary is but an incident of the office, and one taking and accepting an office is deemed to be familiar with the law or ordinance creating it, so that by accepting the position there is an implied contract for compensation. *Locke* v. *Central City,* 4 Colo. 65, 34 Am. Rep. 66; *City of Central* v. *Sears,* 2 Colo. 588; Dillon on Municipal Corporations, pars. 230-233.

As to a stipulated allowance, that allowance, whether an-

nual, per diem, or particular fees for particular services, depends on the will of the lawmakers, and this whether it be the legislature of the state or a municipal body empowered to make laws for the government of a corporation. *Butler* v. *Pennsylvania*, 10 How. 439.

The complaint in the action is based upon and makes the direct allegation that the board of supervisors of the defendant failed and refused to fix any salary whatever as required under act 87, *supra*. The action is therefore based upon the theory of *quantum meruit* for the services rendered. The statute made it the duty of the board of supervisors of the defendant ''to fix the compensation at not to exceed one hundred dollars per month.'' It is asked in this case that the court fix the compensation in the first instance, and in effect do that in an action on *quantum meruit* counts which it would not do in a *mandamus* proceeding. High on Extraordinary Legal Remedies, 348-350.

The right to compensation for services of an officer then exists, if it exists at all, by virtue of either a statute fixing the compensation, or a fixing by the act of a body or board authorized by law so to do. *Dysart* v. *Graham County*, 5 Ariz. 123, 48 Pac. 213; *Butler* v. *Pennsylvania*, 10 How. 439; *Rowe* v. *County of Kern*, 72 Cal. 353, 14 Pac. 11; *Dillon* v. *Whatcom County*, 12 Wash. 391, 41 Pac. 174.

DAVIS, J.—The appellant performed the duties of jailer for Pinal County from January 1, 1897, until January 1, 1898, under the employment of W. C. Truman, the sheriff of said county. At the time of entering upon the discharge of said duties the appellee's board of supervisors had fixed no salary or compensation for the services to be rendered by him; but for the months of January, February, March, and April, upon demand properly presented to the board, there was allowed and paid to him compensation at the rate of seventy-five dollars per month. On April 27, 1897, by an order duly made and entered upon its minutes, the board of supervisors fixed the salary of the jailer at fifty dollars per month, to take effect May 1, 1897, which order was not subsequently during said year modified or rescinded. The appellant, however, ignoring this action of the board, presented, at quarterly periods, his demands for services as jailer for the months

of May to December, inclusive, at the rate of one hundred dollars per month, upon which the board allowed and ordered paid the sum of fifty dollars per month, disallowing the claims as to the balance. The appellant refused to accept the allowance of the board in satisfaction of his demands, and on January 15, 1898, brought suit in the district court to recover the full amount of eight hundred dollars thereon, as the reasonable value of the eight months' services. The complaint sets forth a *quantum meruit* claim against the county, with no attack upon, or allegation respecting, the board's action of April 27, 1897, in fixing the salary of the jailer. This act of the board is pleaded as a defense in the answer, and is an admitted fact in the case, the controversy being only as to its legal effect. The cause was tried and determined in the lower court upon the theory that the board had the right to fix the jailer's salary, and, having done so, his recovery for services performed thereafter must be limited to the compensation thus provided. Upon the admissions of the answer, judgment was rendered in favor of Truman for the sum of four hundred dollars, and from that judgment he prosecutes this appeal. His reliance for a reversal is based upon the rulings of the trial court in excluding testimony tending to prove the reasonable value of his services as jailer, and that the salary fixed by the board for said services was not a reasonable compensation. Act No. 87 of the Session Laws of 1893 provides that ''for the safe-keeping of prisoners confined in jail or under guard the sheriff shall be allowed to employ a jailer, whose compensation shall be fixed by the board of supervisors at not exceeding one hundred dollars per month.'' In so far as it affects the case at bar, we are of the opinion that the action of the board of supervisors in fixing the salary of the jailer at fifty dollars per month is a final and conclusive determination against the appellant, and is the sole measure of the compensation which he can claim. In fixing this amount, the board exercised discretion, the good faith of which, so far as the record shows, has never been, and is not now questioned. The rate of salary was established to take effect May 1st, and the continued performance of the duties of the position by the appellant during the succeeding eight months cannot be treated otherwise than as an implied acceptance by him of the new terms of compensation. There is no constitutional or statutory

limitation in this territory to prevent the decrease of an officer's compensation when it takes effect prospectively, nor was there any legal obligation resting upon the appellant which required him to continue ·in the performance of the duties of jailer at a salary which was not remunerative. The point has been urged upon us in this case, that, while it is the manifest intention of the statute to confer upon the sheriff, who is responsible for the safe-keeping of the prisoners, the authority to select and employ the jailer, it could not have been the intention of the lawmakers to also invest the board of supervisors with the power 'to practically deprive him of this privilege through an arbitrary adjustment of the compensation. The force of this argument is readily conceded, and we would·not be understood as holding that an action of the board, taken arbitrarily, without investigation, or through prejudice, could not be reviewed in a direct proceeding, upon proper allegations; but the case before us presents no question of that kind. In this suit the appellant was not entitled to inquire into the reasonableness of the compensation, and the proffered testimony was rightly excluded. The judgment of the district court is affirmed.

Street, C. J., and Sloan, J., concur.